UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
BENJAMIN THOMPSON,

                    Petitioner,

          -against-

WILLIAM KEYSER,


                    Respondent.
---------------------------------------------------------------X

FILED
CLERK
3:56 pm, Mar 04, 2022
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**MEMORANDUM AND ORDER**
21-CV-1300 (GRB)

**GARY R. BROWN, United States District Judge:**

Petitioner Benjamin Thompson ("Petitioner"), proceeding *pro se*, petitions this Court for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging a conviction and sentence for one count of Attempted Robbery in the First Degree in the Supreme Court of the State of New York, County of Suffolk (the "state court").   Currently pending before the Court is a motion to dismiss the petition as untimely filed by prison Superintendent William Keyser ("Respondent"). For the reasons set forth below, Respondent's motion to dismiss is granted.

**I. FACTUAL BACKGROUND**

A review of the petition, filings by the Respondent and the state court record reveals that on August 31, 2010, Petitioner pled guilty to one count of Attempted Robbery in the First Degree as part of a negotiated plea.  (Plea Tr. 6-14, D.E. 4-11.)  During his plea allocution, Petitioner admitted, under oath, that on August 28, 2009 he and his co-defendants executed a home invasion robbery, unlawfully entering a home with the intention of forcibly stealing property from its residents.  (Plea Tr. 11-12.)  Petitioner admitted that he and his co-defendants were armed with firearms, and during the robbery Petitioner and a co-defendant shot two victims,

1

inflicting serious physical injury.  (Plea Tr. 12.)  Petitioner and his co-defendants then stole money from the home.  (Plea Tr. 12.)

At the time Petitioner pled guilty, pre-trial suppression hearings had been conducted, but the hearing court had not yet issued a decision.  The state court advised Petitioner that by pleading guilty he would effectively withdraw his attorney's application to suppress evidence and waive other rights, including his right to trial and his right to present a defense.  (Plea Tr. 8-9.)  Petitioner stated he understood.  Additionally, Petitioner allocuted to two prior violent felony convictions: (1) Rape in the First Degree, an August 23, 1994 conviction in the Bronx, for which he was sentenced to two to six years imprisonment; and (2) Attempted Robbery in the Second Degree, a July 31, 2003 conviction in the same court, for which he was sentenced to six years imprisonment.  (Plea Tr. 14-15.)  Petitioner admitted to having been convicted of both crimes and did not raise any constitutional challenge to either conviction.  (Plea Tr. 15.)

On October 1, 2010, Petitioner was sentenced as a persistent violent felony offender to an indeterminate prison sentence of sixteen years to life.  *See* Sentencing Tr., DE 4-15.

## II. Post-Conviction Proceedings

Petitioner pursued a state appeal asserting two claims: (1) that his waiver of his right to appeal was invalid; and (2) that the state court should have inquired about his request for an *Argentine* hearing[1] before imposing sentence.  On October 23, 2013 the Appellate Division affirmed Petitioner's judgment of conviction and found that although Petitioner did not validly waive his right to appeal, his claims concerning an *Argentine* hearing were outside the record, and, as such, was not reviewable on direct appeal.  *People v. Thompson*, 110 A.D.3d 1014, 1015 (2013).  On December 10, 2013, Petitioner filed leave to reargue the affirmance of his

---

[1] *People v. Argentine*, 67 A.D.2d 180 (1979) (concerning prosecutorial misconduct related to breach of promises made in connection with plea agreements).

conviction; on March 10, 2014 the Appellate Division denied Petitioner's motion.  *See People v. Thompson*, leave to reargue denied, Mar. 10, 2014, D.E. 4-3.  On May 16, 2014 the Court of Appeals denied Petitioner application for leave to appeal.  *People v. Thompson*, 23 N.Y.3d 969 (2014).  Petitioner did not file a petition for certiorari.

On April 28, 2015, Petitioner filed a motion pursuant to C.P.L. § 440.10, seeking to vacate his judgment of conviction on the grounds that the sentencing court erred when it denied him an *Argentine* hearing to determine whether there was a cooperation agreement, which was denied in its entirety.  (*People v. Thompson*, Dec. and Order, (Sup. Ct. Suffolk County, July 16, 2015), D.E. 4-5, D.E. 4-11 ECF 151-62).  On May 11, 2015, Petitioner filed a motion for a writ of error *coram nobis* claiming that his appellate attorney provided ineffective assistance of counsel, which was denied in its entirety by the Appellate Division, Second Department on October 14, 2015.  *People v. Thompson*, 132 A.D.3d 784 (2015).   Petitioner   filed   a   second C.P.L. § 440.10 motion on November 8, 2016 seeking to vacate his conviction on the grounds that: (1) the court lacked jurisdiction over his case; (2) he was misled or coerced by the prosecution into pleading guilty; (3) his due process rights were violated; and (4) there was no probable cause for his arrest.  (*See* Second Mot. to Vacate J., Nov. 8, 2016, D.E. 4-11 ECF 83-117.)  On January 25, 2017, the state court denied Petitioner's § 440.10 motion in its entirety. (*People v. Thompson*, Dec. and Order, (Sup. Ct. Suffolk County, Jan. 25, 2017), D.E. 4-6).

Petitioner filed an application before the Supreme Court of Suffolk County requesting *pro bono* counsel to perfect and execute a C.P.L. § 440.20 motion, and permission to proceed *in forma pauperis* on July 20, 2018.  In support of his application, Petitioner argued that he should not have been sentenced as a persistent violent felony offender on the grounds that his 2003 Bronx conviction was the result of an invalid plea.  (Third Mot. to Vacate J., July 20, 2018, D.E.

3

4-11 ECF 27-29.)  Petitioner grounded his argument on "newly discovered information," namely the plea minutes from his 2003 Bronx conviction, which he stated were released to him on December 26, 2017.  (*Id.*, ECF 28.)   On August 31, 2018 the state court denied Petitioner's application holding, *inter alia*, that Petitioner's contention that he was not properly sentenced was without merit.  (*People v. Thompson*, Dec. and Order, (Sup. Ct. Suffolk County, Aug. 31, 2018), D.E. 4-8).

Petitioner also pursued post-conviction relief seeking to vacate his 2003 Bronx conviction.  Petitioner filed a C.P.L. § 440.10 motion in Bronx County arguing that his 2003 guilty plea was not knowing, intelligent, or voluntary because the plea court failed to inform him that he was subject to a period of post-release supervision; the state court denied his motion without a hearing.  (*People v. Thompson*, Dec. and Order, (Sup. Ct. Bronx County, Aug. 20, 2019), D.E. 4-16 ECF 19-25).  Petitioner also pursued a petition for a writ of habeas corpus in the Southern District of New York on May 14, 2020.  *See Thompson v. Keyser*, No. 20-CV-3783 (LLS), Pet. D.E. 2.  The petition was denied on jurisdictional grounds as Petitioner had completed his sentence for his 2003 Bronx conviction.  *Thompson v. Keyser*, No. 20-CV-3783, 2020 WL 8641271 (S.D.N.Y. Sept. 3, 2020).

On June 29, 2020 Petitioner filed a fourth motion pursuant to C.P.L. § 440 claiming that defense counsel was ineffective for failure to challenge Petitioner's 2003 Bronx conviction as constitutionally invalid.  The state court denied Petitioner's motion in its entirety, finding that Petitioner failed to raise his claim on one of his three prior C.P.L. § 440 motions, and, in any event, there was no basis to grant the motion.  (*People v. Thompson*, Dec. and Order, (Sup. Ct. Suffolk County, Oct. 9, 2020), D.E. 4-9).  Petitioner sought leave to appeal the October 9, 2020

4

C.P.L. § 440 decision to the Appellate Division, Second Department, and on January 6, 2021, leave to appeal was denied. *People v. Thompson*, leave to appeal denied, D.E. 1-1 ECF 4.

Petitioner filed the instant petition on April 6, 2021 seeking habeas relief on the ground that his sentence is unconstitutional. (Pet. D.E. 1). Respondent moved to dismiss the petition on June 11, 2021 on the grounds that it is time-barred. (Mot. to Dismiss, D.E. 4). On June 14, 2021 the Court issued an Order directing Petitioner to respond to Respondent's motion to dismiss and show cause in writing why his petition should not be dismissed. (June 14, 2021 Order). Petitioner filed an opposition to Respondent's motion to dismiss. (Opp. D.E. 6). For the reasons discussed below, the motion to dismiss is granted.

## III. DISCUSSION

### A. Timeliness

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year statute of limitations on commencing a federal habeas petition. 28 U.S.C. § 2244(d)(1). The one-year period runs from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the constitutional right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; or (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence.[2] *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

A conviction becomes final under AEDPA by the exhaustion of all direct appeals or by the expiration of the time period for filing such direct appeals. 28 U.S.C. § 2244(d)(1)(A).

---

[2] In his opposition papers, Petitioner argues that tolling should start from the date of his Bronx C.P.L. § 440 decision. However, if the Court were to start the statute of limitations pursuant to 28 U.S.C. § 2244(d)(1)(D), the clock would run from the date Petitioner became aware of the facts supporting his claim, which, according to his own papers, was December 26, 2017.

Where, as is the case here, the Court of Appeals denies leave to appeal and the petitioner does not seek a writ of certiorari from the United States Supreme Court, the judgment of conviction becomes final 90 days after the denial of leave to appeal. *See Fernandez v. Artuz*, 402 F.3d 111, 112 (2d Cir. 2005).

Here, the New York Court of Appeals denied Petitioner's application for leave to appeal on May 16, 2014, and Petitioner did not seek Supreme Court review. As such, Petitioner's conviction became final on or about August 14, 2014, 90 days later upon the expiration of the time to seek certiorari. 28 U.S.C. § 2244(d)(1)(A). To timely file his habeas petition, Petitioner would have had to file no later than August 14, 2015. However, he did not file the instant Petition until April 2, 2021 – almost six years later. As such, the petition is untimely unless Petitioner can establish that the limitations period was tolled.

**B. Statutory Tolling**

AEDPA contains a tolling provision providing that "[t]he time during which a properly filed application for state post-conviction or collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). ""[P]roper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000). Petitioner filed a litany of post-conviction motions, including four § 440 motions before the Suffolk County state court, and a § 440 motion in Bronx County in support of his current claim. Even in consideration of the statutory tolling upon the filing and pendency of his § 440 motions, Petitioner's statute of limitations deadline expired prior to him filing his second § 440 motion.

Petitioner filed his first 440 motion on April 28, 2015, 257 days after his judgment became final.  His first 440 motion was pending until the state court issued its decision on July 16, 2015.  Pending almost simultaneously was Petitioner's motion for writ of error *coram nobis*, filed on May 11, 2015 and decided on October 14, 2015.  As such, the statute of limitations was tolled from April 28, 2015 until October 14, 2015.  Petitioner filed his second 440 motion on November 8, 2016, over a year after his *coram nobis* motion was decided.  As such, Petitioner accrued an additional 391 days in between motions, equaling a total of 648 days since his judgment became final.

Accordingly, even in consideration of statutory tolling, the petition is still time-barred.

## C. Equitable Tolling

In *Holland v. Florida*, the Supreme Court found that the AEDPA limitations period "is subject to equitable tolling in appropriate cases." 560 U.S. 631, 645 (2010).  Equitable tolling permits a court to entertain an otherwise untimely habeas petition if the petitioner establishes: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.*, 560 U.S. at 649 (citation and internal quotation marks omitted).  The Second Circuit has noted that "[a]s a general matter, we set a high bar to deem circumstances sufficiently 'extraordinary' to warrant equitable tolling." *Dillon v. Conway*, 642 F.3d 358, 363 (2d Cir. 2011).  "The term 'extraordinary' refers not to the uniqueness of a party's circumstances, but rather to the severity of the obstacle impeding compliance with a limitations period." *Harper v. Ercole*, 648 F.3d 132, 137 (2d Cir. 2011). Equitable tolling "requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence,

7

could have filed on time notwithstanding the extraordinary circumstances." *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000).

Here, Petitioner ostensibly did not learn about the purported defects in his 2003 Bronx conviction until he received the plea minutes on December 26, 2017.   Petitioner makes absolutely no showing that he diligently pursued his rights to obtain the transcript earlier or that there was any obstacle in doing so during the nearly three and a half years between the provision of the plea minutes and his filing of the instant petition.   Thus, Petitioner has made no showing that he is entitled to equitable tolling.

## IV. CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss is granted, and the petition is dismissed as time-barred.   A certificate of appealability shall not issue because Petitioner has not made a substantial showing that he was denied any constitutional rights.   *See* 28 U.S.C. § 2253(c)(2).   This Court certifies that any appeal of this Order would not be taken in good faith, and thus *in forma pauperis* status is denied for the purposes of any appeal.   *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of the Court is respectfully directed to mail a copy of this Order to Petitioner and to close the case.

**SO ORDERED.**

Dated:  March  4, 2022
         Central Islip, New York

                                              /s/ Gary R. Brown
                                              HON. GARY R. BROWN
                                              UNITED STATES DISTRICT JUDGE